IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 3:10-cv-00966-DRH-CJP |
| ) | |
| ) | |
| SSM CARDINAL GLENNON ) | |
| CHILDREN'S HOSPITAL, ) | PLAINTIFF DEMANDS |
| ) | JURY TRIAL |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Sharon Hines, through counsel, and for her Complaint against Defendant SSM Cardinal Glennon Children's Hospital (SSM or Defendant), states:

1. This case arises from Defendant's interference with Plaintiff's exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA).

## PARTIES

2. Plaintiff Sharon Hines resides in this judicial district and was formerly employed by Defendant.

3. Defendant is a corporation qualified to do business in Illinois, does business in Illinois, and resides in this judicial district. All acts and omissions of Defendant's owners, officers, employees, and agents were taken within the scope of their employment and agency for the Defendant.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under a law of the United States, namely, the FMLA.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the sole Defendant resides in this judicial district.

**FACTUAL BACKGROUND**

6. Defendant employed Plaintiff as a food preparer beginning in July 2005.

7. No essential function of Plaintiff's position required the ability to lift in excess of thirty pounds.

8. On January 25, 2010, Plaintiff experience tightness in her chest and was admitted to the hospital.

9. On January 28, 2010, Plaintiff underwent heart surgery.

10. Defendant approved Plaintiff's request for FMLA leave through April 28, 2010.

11. On April 29, 2010, Plaintiff's physician released her to return work provided she refrain from lifting in excess of thirty pounds.

12. On April 29, 2010, Plaintiff notified Defendant that her physician had released her to return to work provided that she refrain from lifting in excess of thirty pounds.

13. On or around April 30, 2010, Defendant directed Plaintiff to return to work on May 2, 2010 and notified her that her schedule for the upcoming week required her to work May 2, 3, 4, 6, and 7, 2010.

14. On May 1, 2010, Defendant advised Plaintiff that she was not fully released to return to work because her physician imposed a restriction against lifting more than thirty pounds and further advised her that she would not be permitted to return to work until she was fully released with no restrictions.

15. On or shortly after May 1, 2010, Defendant removed Plaintiff's name from Defendant's work schedule and has not permitted Plaintiff to return to work.

## CLAIM FOR RELIEF

**(INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615)**

16. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

17. Plaintiff was an eligible employee under the FMLA.

18. Defendant is an employer under the FMLA.

19. Plaintiff had a serious health condition under the FMLA.

20. Plaintiff engaged in activity protected by the FMLA, namely, Plaintiff took FMLA leave.

21. At the end of Plaintiff's FMLA leave and at all times since, Plaintiff was and is willing and able to perform the essential functions of her position.

22. Plaintiff attempted to exercise her right under the FMLA to be restored to the same or an equivalent position that she had before she took qualifying leave.

23. Defendant interfered with, restrained, or denied the exercise of or the attempt to exercise Plaintiff's right under the FMLA to be restored to the same or an equivalent position that she had before she took qualifying leave. 29 U.S.C. § 2614(a)(1)-(2).

24. Plaintiff sustained actual harm and damage as the proximate result of Defendant's interference with the exercise of her rights under the FMLA, namely, Plaintiff's employment with Defendant terminated as the result of Defendant's interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

1. Damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I).

2. Interest calculated at the prevailing rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii).

3. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

4. Equitable relief as may be appropriate pursuant to 29 U.S.C. § 2617(a)(1)(B).

5. Reasonable attorney's fee, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. § 2617(a)(3).

6. Such additional relief as is proper.

        THE KENNETH BRENNAN FIRM, P.C.

        By: /s/ Kenneth J. Brennan
        Kenneth J. Brennan, Lead Counsel,
           IL Bar No. 6239037
        502 West Main Street, Suite 300
        Collinsville, Illinois 62234
        (618) 343-4222
        (866) 314-6780 - Fax
        kbrennan@kbrennanlaw.com